FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2015 JUL -6  PM 2: 44

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

MEGAN BARRIOS VAZQUEZ,

Plaintiff,

vs.

MEDICREDIT, INC. and
NPAS SOLUTIONS, LLC,

Defendants.

Case No.:

6:15-CV- 1086-ORL-41 KRS

_____/

## COMPLAINT

1.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55

et seq. ("FCCPA"). Plaintiff also alleges violation of the Telephone Consumer Protection Act, 47

U.S.C. § 227 et seq. ("TCPA") against the Defendant Medicredit, Inc. and NPAS Solutions,

LLC ("NPAS")  Plaintiff alleges that the Defendant incessantly and unlawfully called the

Plaintiff's cellular phone using an automatic telephone dialing system or auto-dialer and a pre-

recorded or artificial voice, without Plaintiff's consent. Defendant made these calls in an attempt

to collect an alleged debt belonging to the Plaintiff.

### JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367,

and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection

Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"). Under 28 U.S.C. 1367(a), this Court has

supplemental jurisdiction over Plaintiff's state FCCPA claim in that it is so related to the

federal TCPA and FDCPA claims that they form part of the same case or controversy under

1

Article III of the United States Constitution. Additionally, federal courts have jurisdiction over suits arising under TCPA. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

3.      This action arises out of Defendant's violations of the FDCPA and FCCPA, in its illegal effort to collect a consumer debt from Plaintiff. This action also arises out of Defendant's violations of TCPA, which prohibits any person "to make any call (other than for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice --(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(l)(A).

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, Defendant transacts business here, and Defendant places calls into this District.

## PARTIES

5.      Plaintiff, Megan Barrios Vazquez, is a natural person who resides in the City of Orlando, Orange County, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). Plaintiff is the cellular subscriber and has dominion over the cellular telephone that Defendant has been calling.

## FACTUAL ALLEGATIONS

### *I.      Facts Pertaining to Defendant Medicredit*

6.      Defendant MEDICREDIT, INC. (hereinafter "Medicredit"), a collection agency operating from an address of 3620 I-70 Dr. SE, Suite C, Columbia, MO 65201, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is incorporated under the laws of

the State of Missouri as a corporation.

7.     Medicredit regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts. Medicredit regularly collects or attempts to collect debts for other parties.

8.     Defendant Medicredit is a debt collector that uses, among other things, automated telephone dialing system to engage in debt collection practices.

9.     Defendant Medicredit is "debt collector" as defined in the FDCPA and FCCPA, under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

10.     Defendant Medicredit was acting as debt collector with respect to the collection of Plaintiff's alleged debt.

11.     Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute §559.55(1).

12.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

13.     Defendant Medicredit sought to collect from Plaintiff alleged debts arising from transactions incurred for personal, family or household purposes.

14.     Within 5 days of its initial communication with Plaintiff, Defendant Medicredit failed to send any letter to Plaintiff notifying her of her rights and privileges under the law.

15.     Defendant Medicredit has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not she owes the alleged debt and whether the alleged debt was correctly calculated.

16.     The Defendant did not provide debtor with written notice of assignment from

creditor, within 30 days after the assignment.

17.     This lawsuit arises from telephone collection efforts of Defendant over the last four years. Most courts have held that TCPA claims are governed by the four-year federal statute of limitations. *Benedia v. Super Fair Cellular, Inc.,* 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. 2007); *Stern v. Bluestone,* 850 N.Y.S. 2d 90, 2008 N.Y. Slip Op. 00611 (holding that the TCPA has a four year statute of limitations pursuant to 28 U.S.C. §1658).

18.     Defendant Medicredit attempted to collect alleged consumer debts from the Plaintiff by unlawfully calling Plaintiff's cellular telephone numerous times in violation of the TCPA.

### Collection Calls from Medicredit

19.     In or about April, May, and June 2015, Defendant Medicredit contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

20.     During these communications, Defendant Medicredit called Plaintiff's cellular telephone using an automated telephone dialing system. Defendant Medicredit left the following voicemail messages on Plaintiff's cellular voicemail system playing an artificial or pre-recorded voice. After delivery of the message, the caller immediately disconnected:

<u>(800) 823-2318  04/11/2015  11:26 am</u>

> "Hello, we are calling from Medicredit on behalf of Westside Regional Medical Center. Please return our call at (800) 823-2318 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

4

(800) 823-2318 04/14/2015 6:51 pm

"Hello, we are calling from Medicredit on behalf of Westside Regional Medical Center. Please return our call at (800) 823-2318 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(800) 823-2318 04/29/2015 2:55 pm

"Hello" *(Female Voice)*

(800) 823-2318 05/12/2015 1:21 pm

"Hello, we are calling from Medicredit on behalf of Westside Regional Medical Center. Please return our call at (800) 823-2318 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(800) 823-2318 06/01/2015 7:51 pm

"Hello, we are calling from Medicredit on behalf of Westside Regional Medical Center. Please return our call at (800) 823-2318 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(800) 823-2318 06/10/2015 4:47 pm

"Hello, we are calling from Medicredit on behalf of Westside Regional Medical Center. Please return our call at (800) 823-2318 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(800) 823-2318 06/17/2015 1:55 pm

"Hello, we are calling from Medicredit on behalf of Westside Regional Medical Center. Please return our call at (800) 823-2318 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

21.     On other occasions, upon answering these calls, Plaintiff was greeted with a machine-generated voice that began reading a script, consistent with an automated telephone dialing system using an artificial or pre-recorded voice.

22.     Defendant Medicredit left these voicemail messages with an artificial or pre-recorded voice asking for the Plaintiff. Plaintiff never provided consent to either Defendant to receive phone calls to her cellular phone.

23.     The Defendant Medicredit's methods of contacting Plaintiff is indicative of its

5

ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1 14/08); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014 (July 3, 2003).

24.      Medicredit's calls to Plaintiff's cellular telephone were all initiated using an automatic telephone dialing system, which contained an artificial voice and/or played a prerecorded message.

25.      None of Medicredit's telephone calls to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(l)(A).

26.      The Defendant Medicredit either willfully or knowingly violated the TCPA.

## II. *Facts Pertaining to Defendant NPAS*

27.      Defendant NPAS SOLUTIONS, LLC (hereinafter "NPAS"), a collection agency operating from an address of One Park Plaza, Nashville, TN 37203, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is incorporated under the laws of the State of Tennessee as a limited liability company.

28.      NPAS regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts. NPAS regularly collect or attempt to collect debts for other parties.

29.      Defendant NPAS is a debt collector that uses, among other things, automated telephone dialing system to engage in debt collection practices.

30.      Defendant NPAS is "debt collector" as defined in the FDCPA and FCCPA, under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

31.      Defendant NPAS was acting as debt collector with respect to the collection of

Plaintiff s alleged debt. Plaintiff allegedly incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute §559.55(1).

32.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from this Plaintiff.

33.     Defendant NPAS sought to collect from Plaintiff alleged debts arising from transactions incurred for personal, family or household purposes.

34.     Within 5 days of its initial communication with Plaintiff, Defendant NPAS failed to send any letter to Plaintiff notifying her of her rights and privileges under the law.

35.     Defendant NPAS has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not she owes the alleged debt and whether the alleged debt was correctly calculated.

36.     The Defendant did not provide debtor with written notice of assignment from creditor, within 30 days after the assignment.

37.     This lawsuit arises from telephone collection efforts of Defendant over the last four years. Most courts have held that TCPA claims are governed by the four-year federal statute of limitations. *Benedia v. Super Fair Cellular, Inc.,* 2007 U.S. Dist. LEXIS 71911 (N.D. Ill. 2007); *Stern v. Bluestone,* 850 N.Y.S. 2d 90, 2008 N.Y. Slip Op. 00611 (holding that the TCPA has a four year statute of limitations pursuant to 28 U.S.C. §1658).

38.     Defendant NPAS attempted to collect alleged consumer debts from the Plaintiff by unlawfully calling Plaintiff s cellular telephone numerous times in violation of the TCPA.

*Collection Calls from NPAS*

39.     In or about April, May, and June 2015, collectors from Defendant NPAS contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

40.     Defendant NPAS left the following voicemail messages on Plaintiff's cellular voicemail system playing an artificial or pre-recorded voice. After delivery of the message, the caller immediately disconnected:

(866) 258-1104  04/11/2015  12:45 pm

> "Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104  04/22/2015  5:26 pm

> "Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104  05/02/2015  11:26 am

> "Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104  05/07/2015  5:04 pm

> "Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104  05/11/2015  8:42 am

> "Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104 05/27/2015 6:17 pm

"Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104 06/01/2015 9:49 am

"Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104 06/04/2015 8:17 am

"Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104 06/08/2015 9:53 am

"Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104 06/11/2015 8:19 am

"Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104 06/18/2015 3:47 pm

"Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104 06/24/2015 9:32 am

"Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

(866) 258-1104 06/29/2015 8:45 pm

"Hello, we are calling from NPAS Solutions on behalf of Westside Regional Medical Center. Please return our call at (866) 258-1104 Monday through Friday during normal business hours. Thank you." *(Female Voice)*

41.     On other occasions, upon answering these calls, Plaintiff was greeted with a machine-generated voice that began reading a script, consistent with an automated telephone dialing system using an artificial or pre-recorded voice.

42.     Defendant NPAS left these voicemail messages with an artificial or pre-recorded voice asking for the Plaintiff. Plaintiff never provided consent to either Defendant to receive phone calls to her cellular phone.

43.     The NPAS's methods of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of automatic telephone dialing system. See *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008,* CG Docket No. 02-278, FCC 07-232 (1 14/08); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014 (July 3, 2003).

44.     NPAS's calls to Plaintiff's cellular telephone were all initiated using an automatic telephone dialing system, which contained an artificial voice and/or played a prerecorded message.

45.     None of the NPAS's telephone calls to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(l)(A).

46.     Defendant NPAS either willfully or knowingly violated the TCPA.

## SUMMARY

47.     Defendants and its collection employees engaged in the above-described collection communications by contacting Plaintiff s cellular telephone,  in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)6, and 1692e(ll).

48.     During its collection communications, Defendants and the  individual  debt

10

collectors employed by Defendants Medicredit and NPAS failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

49.     Defendants' conduct, as detailed above, of harassing Plaintiff in an effort to collect this debt, constitutes violations of numerous and multiple provisions of the FDCPA, as stated herein. Defendants willfully or knowingly violated FDCPA and FCCPA.

### TRIAL BY JURY

50.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P.38.

### CAUSES OF ACTION

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST MEDICREDIT

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692 et seq.

51.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

52.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

53.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR
### 15 U.S.C. § 1692e

54.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

55.     Defendant failed to disclose in the telephone messages that it was a debt collector, in violation of 15 U.S.C. 1692e(11).

## COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### 15 U.S.C. § 1692d

56.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

57.     Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that it was a debt collector, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

## COUNT 4

### HARRASMENT OR ABUSE
### 15 U.S.C. § 1692(d)

58.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

59.     Defendant engaged in conduct with the natural consequence of which was to harass, oppress, or abuse Defendant, when Defendant incessantly called the Plaintiff's cellular telephone in an attempt to collect a debt, sometimes on a daily basis.

60.     By the foregoing acts, Defendant violated numerous provisions of FDCPA, including but not limited to 15 U.S.C. 1692(d), namely § 1692d(2) and § 1692d(6).

## COUNT 5

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 USC § 1692g

61.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

62.     Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

63.     Defendant acted in an otherwise deceptive, unfair, and unconscionable manner by failing to comply with § 1692g of the FDCPA.

## COUNT 6

## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES
## ACT FLORIDA STATUTE §559.55 et seq. ("FCCPA")

64.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

65.     The foregoing acts and omissions of the Defendant and its agents constitute violation of the FCCPA including Florida Statute § 559.715.

66.     As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

## COUNT 7

## VIOLATION OF 553.72(7) OF THE FLORIDA
## CONSUMER COLLECTION PRACTICES ACT

67.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

68.     In an effort to collect the debt, Defendant willfully communicated with the

Plaintiff with such frequency as can be reasonably expected to harass the Debtor, in violation of FCCPA, Florida Statute § 559.72(7).

COUNT 8

VIOLATION OF §559.715 OF THE<br>FLORIDA CONSUMER COLLECTION<br>PRACTICES ACT

69.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

70.     The Defendant did not provide written notice of the assignment of the right to bill and collect the debt, within 30 days after the assignment.

71.     Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The Defendant did not provide Plaintiff with said notice.

COUNT 9

VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION<br>ACT<br>47 U.S.C. § 227 et seq.

72.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

73.     Defendant Medicredit violated 47 U.S.C.§227(b)(l)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing or made using an artificial or prerecorded voice, and not legally permissible under any provision of the aforementioned statute. Plaintiff did not provide any consent to Defendant to contact her on her cellular phone. In addition,

14

Defendant's telephone calls to Plaintiff were not for "emergency purposes" as specified in 47 U.S.C. § 227(b)(l)(A)

74.     The subject calls were not legally permitted under any provision to the aforementioned statute.

75.     In sum, the Defendant Medicredit made telephone calls to Plaintiff's cellular phone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

76.     Defendant Medicredit, through its agents, representatives, and/or employees acting within the scope of their authority, willfully and intentionally violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST NPAS-

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

77.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

78.     The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

79.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR
### 15 U.S.C. § 1692e

80.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

81.     Defendant failed to disclose in the telephone messages that it was a debt collector, in violation of 15 U.S.C. 1692e(11).

## COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### 15 U.S.C. § 1692d

82.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

83.     Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that it was a debt collector, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

## COUNT 4

### HARRASMENT OR ABUSE
### 15 U.S.C. § 1692(d)

84.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

85.     Defendant NPAS engaged in conduct with the natural consequence of which was to harass, oppress, or abuse Defendant, when Defendant incessantly called the Plaintiff's cellular telephone in an attempt to collect a debt, sometimes on a daily basis.

86.     By the foregoing acts, Defendant violated numerous provisions of FDCPA, including but not limited to 15 U.S.C. 1692(d), namely § 1692d(2) and § 1692d(6).

COUNT 5

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 USC § 1692g

87.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

88.     Defendant NPAS violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

89.     Defendant acted in an otherwise deceptive, unfair, and unconscionable manner by failing to comply with § 1692g of the FDCPA.

COUNT 6

VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES
ACT FLORIDA STATUTE §559.55 et seq. ("FCCPA")

90.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

91.     The foregoing acts and omissions of the Defendant and its agents constitute violation of the FCCPA including Florida Statute § 559.715.

92.     As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

COUNT 7

VIOLATION OF 553.72(7) OF THE FLORIDA
CONSUMER COLLECTION PRACTICES ACT

93.     The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

94.     In an effort to collect the debt, Defendant willfully communicated with the

17

Plaintiff with such frequency as can be reasonably expected to harass the Debtor, in violation of FCCPA, Florida Statute § 559.72(7).

## COUNT 8

### VIOLATION OF §559.715 OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

95.    The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

96.    The Defendant did not provide written notice of the assignment of the right to bill and collect the debt, within 30 days after the assignment.

97.    Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment. The Defendant did not provide Plaintiff with said notice.

## COUNT 9

### VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et seq.

98.    The Plaintiff repeats and re-alleges each and every allegation set forth above as if reasserted and re-alleged herein.

99.    Defendant violated 47 U.S.C.§227(b)(l)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing or made using an artificial or prerecorded voice, and not legally permissible under any provision of the aforementioned statute.

100.    Plaintiff did not provide express consent to Defendant NPAS to contact her on

her cellular phone. In addition, Defendant's telephone calls to Plaintiff were not for "emergency purposes" as specified in 47 U.S.C. § 227(b)(l)(A)

101.    The subject calls were not legally permitted under any provision to the aforementioned statute.

102.    In sum, the Defendant made telephone calls to Plaintiff's cellular phone, which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiff.

103.    Defendant, through its agents, representatives, and/or employees acting within the scope of their authority, willfully and intentionally violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants Medicredit and NPAS for:

a)    Damages;

b)    Reasonable attorney's fees and costs;

c)    $500 in statutory damages for each violation of the TCPA over the last four years;

d)    $1,500 in statutory damages for each knowing or willful violation of the TCPA over the last four years;

e)    a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephonic dialing system or an artificial or prerecorded voice; and

f)    such further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.


Dated: June 30, 2015

                              Respectfully submitted,


                              /s Monica Amor
                              LAW OFFICES OF MONICA AMOR, P.A.
                              Monica Amor, Esq.
                              E-mail: mamor@amorlaw.com
                              Florida Bar No: 0118664
                              3901 NW 79th Avenue, Suite 102
                              Doral, Florida 33166
                              Telephone: (786) 953-8603
                              Facsimile: (888) 460-7585
                              Attorney for Plaintiff